UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

THOMAS E. HO'OKANO,                    NO. CIV. 2:09-3282 MCE GGH

      Plaintiff,

   v.                                  <u>ORDER</u>

CAPITOL ONE AUTO FINANCE, INC.

      Defendant.
_____/

----oo0oo----

        On November 24, 2009, plaintiff Thomas E. Ho'okano, an attorney proceeding <u>in propria persona</u>, filed this action against defendant Capitol One Auto Finance, Inc. alleging state law claims for breach of contract, fraud, equitable estoppel, and intentional negligent infliction of emotional distress.  (Docket No. 1.)  The same day plaintiff filed a motion for a temporary restraining order ("TRO") to prevent defendant from repossessing his automobile.  (Docket No. 3.)  Federal jurisdiction is predicated on diversity of citizenship under 28 U.S.C. § 1332.

1

"Federal courts are always under an independent obligation to examine their own jurisdiction . . . and a federal court may not entertain an action over which it has no jurisdiction." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). A district court will have original jurisdiction based on diversity when the amount in controversy is greater than $75,000.00 and there is complete diversity between the parties--i.e., the parties are "citizens of different states." 28 U.S.C. § 1332(a).

In his Complaint, plaintiff contends that federal jurisdiction is appropriate "because there is diversity of citizenship and the matter in controversy exceeds $10,000.00." (Compl. ¶ 4.) Plaintiff's Complaint not only misstates the amount in controversy requirement for diversity jurisdiction, but also does not plead an amount in controversy greater than $75,000.00. In fact, it affirmatively appears from plaintiff's papers in support of his motion for a TRO that the value of his car is $26,319.08. (See Mot. TRO 3:3-19.) Moreover, at the hearing on plaintiff's motion for a TRO, plaintiff was asked repeatedly by the court what the maximum amount in controversy was for purposes of jurisdiction in this action, and he stated unequivocally that the maximum amount in controversy was $50,000.00, including his claims for emotional distress and consequential and exemplary damages. Accordingly, this court does not have subject matter jurisdiction over plaintiff's action.

1  　　　　IT IS THEREFORE ORDERED that plaintiff's motion for a
2  temporary restraining order be, and hereby the same is, DENIED;
3  　　　　AND IT IS FURTHER ORDERED that plaintiff's complaint
4  be, and hereby the same is, DISMISSED for lack of subject matter
5  jurisdiction.
6  DATED:  November 25, 2009

　　　　　　　　　　　　　　　　/s/ William B. Shubb
　　　　　　　　　　　　　　　　WILLIAM B. SHUBB
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE